JAMES B. SHERIDAN AND OTHERS, RESPONDENTS, *v.* GEORGE C. GENET, APPELLANT.

*Counsel — liability of, to stenographer for copy of evidence on trial.*

Where a stenographer furnishes a copy of the testimony given upon the trial of an action, to one who he knows acted as counsel for one of the parties thereto, he cannot recover the price thereof from such counsel, unless the latter expressly bind himself for the payment thereof.
*Bonynge* v. *Waterbury* (12 Hun 534) followed.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury.

*Geo. C. Genet*, appellant in person.

*H. B. Hathway*, for the respondents.

Brady, J. :

The defendant was sued to recover compensation for a copy of the testimony given in the case of *Hazewell* v. *Cousin*, on the trial of which the defendant acted as the counsel of Hazewell. The stenographer knew that he so acted, having been present at the trial. The defendant, however, ordered the copy to be made and it was done at his request. The stenographer then knew that the defendant was the counsel for Hazewell. He had been advised of that on the trial. It was not to be supposed that he had any personal interest in the copy in the absence of proof to the contrary.

What was said, therefore, in the case of *Bonynge* v. *Waterbury* (12 Hun, 534) recently decided by this court, is applicable, namely : " The defendant was an agent for a known principal, and ordinarily would not incur a personal liability, simply by requesting a performance of such a service for his client. Of course he could bind himself personally, and that would be the result when it followed from the nature of the agreement made, and the intention of the parties. But without something more than the mere performance of his duties as counsel for his client, such a liability would not be created, unless it might be for the fees of clerk, sheriff and other similar officers," and the same rule should be applied in this case which was declared in that case, namely, that the counsel ordering such services will not be responsible, unless he intended to become personally bound to pay, a fact to be determined by the jury upon the trial. This action was conducted, however, upon the theory that it was the duty of the defendant to say when he ordered the copy that it was for his client, if he wished to avoid responsibility, and the jury were so instructed, but exception was duly taken to the instruction thus given. We think for this error the judgment must be reversed.

The law was not properly stated and the error committed is correctly presented for our consideration. There was no evidence given, which removed the effect of this error, and there is no incident of the trial which allows us to declare that it was immaterial.

The rule adopted in *Bonynge* v. *Waterbury* (*supra*), will be enforced in all kindred cases, and if stenographers seek to make counsel liable, they must take the necessary steps to accomplish that end. This is not a serious burden and can be easily borne.

The judgment must, therefore, be reversed without reference to any other question suggested.

Ordered accordingly, with costs to abide event.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Judgment reversed, and new trial ordered, with costs to abide the event.